```
                    UNITED STATES DISTRICT COURT

                 SOUTHERN DISTRICT OF CALIFORNIA


          BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING
    _____
                                          )
    UNITED STATES OF AMERICA,             )
                 PLAINTIFF,               )  CASE NO. 13CR4228-DMS
                                          )
                                          )  SAN DIEGO, CALIFORNIA
                                          ) THURSDAY FEBRUARY 12, 2015
                                          )    9:30 A.M. CALENDAR
    ARASH GHAHREMAN,                      )
                 DEFENDANT.               )
    _____)


                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

                           STATUS HEARING




                                     LEE ANN PENCE,
    REPORTED BY:                     OFFICIAL COURT REPORTER
                                     UNITED STATES COURTHOUSE
                                     333 WEST BROADWAY ROOM 1393
                                     SAN DIEGO, CALIFORNIA 92101
```

```
COUNSEL APPEARING:

FOR PLAINTIFF:          LAURA E. DUFFY,
                        UNITED STATES ATTORNEY
                        BY:  SHANE P. HARRIGAN
                             TIMOTHY D. COUGHLIN
                        ASSISTANT U.S. ATTORNEYS
                        880 FRONT STREET
                        SAN DIEGO, CALIFORNIA 92101

FOR DEFENDANT           FEDERAL DEFENDERS OF SAN DIEGO, INC.
GHAHREMAN:                   BY:  ELLIS M. JOHNSTON
                                  JOSEPH S. CAMDEN
                        TRIAL ATTORNEYS
                        225 BROADWAY, SUITE 900
                        SAN DIEGO, CALIFORNIA 92101
```

| | |
|---|---|
| 1 | SAN DIEGO, CALIFORNIA – THURSDAY, FEBRUARY 12, 2015 9:05 A.M. |
| 2 | * * * |
| 3 | **THE CLERK:**   NO. 1 ON CALENDAR, CASE NO. 13CR4228, |
| 4 | UNITED STATES OF AMERICA VERSUS ARASH GHAHREMAN; ON FOR STATUS |
| 5 | HEARING. |
| 6 | **MR. JOHNSTON:**  GOOD MORNING, YOUR HONOR.  TRIP |
| 7 | JOHNSTON OF FEDERAL DEFENDERS, ALONG WITH JOE CAMDEN, ON |
| 8 | BEHALF OF MR. GHAHREMAN, WHOSE PRESENCE I AM WAIVING. |
| 9 | **THE COURT:**  GOOD MORNING. |
| 10 | **MR. HARRIGAN:**  GOOD MORNING, YOUR HONOR.  SHANE |
| 11 | HARRIGAN, ASSISTANT U.S. ATTORNEY, AND TIMOTHY COUGHLIN, |
| 12 | ASSISTANT U.S. ATTORNEY, ON BEHALF OF THE UNITED STATES. |
| 13 | **THE COURT:**  GOOD MORNING. |
| 14 | WE SET THIS ON CALENDAR TO DISCUSS THE TRIAL |
| 15 | SETTING.  THE TRIAL WAS SET FOR MARCH 9, AND AS IT TURNS OUT I |
| 16 | WILL BE OUT OF THE DISTRICT FOR THAT WEEK.  I THINK THERE WERE |
| 17 | DATES SENT TO COUNSEL GIVING THE COURT'S AVAILABILITY. |
| 18 | **MR. JOHNSTON:**  YES, YOUR HONOR, WE DID RECEIVE SOME |
| 19 | DATES.  FOR MARCH 23RD, MARCH 30TH, AND I BELIEVE DATES LATER |
| 20 | IN MAY. |
| 21 | I WOULD BE AVAILABLE FOR MARCH 23RD, MARCH 30, BUT I |
| 22 | UNDERSTAND THAT GOVERNMENT COUNSEL HAS SOME CONFLICTS WITH |
| 23 | THOSE DATES. |
| 24 | **MR. HARRIGAN:**  YOUR HONOR, I AM STARTING A VACATION |
| 25 | I HAVE BEEN PLANNING FOR A WHILE ON MARCH 31ST THROUGH APRIL |

```
 1   6TH, WHICH WILL TAKE ME OUT OF THE DISTRICT.  IF WE START ON
 2   THE 23RD, I THINK THE PROBLEM I FORESEE IS THAT --
 3   MR. JOHNSTON AND I HAVE TALKED EXTENSIVELY ABOUT THE LENGTH OF
 4   THE TRIAL, AND I THINK I TOLD THE COURT I BELIEVE I CAN PUT ON
 5   MY CASE IN CHIEF IN THREE TO FIVE DAYS, BUT THERE IS NO
 6   GUARANTEE IT WON'T GO OVER INTO THE NEXT WEEK.
 7           AND MR. JOHNSTON CAN'T TELL ME AT THIS POINT, I
 8   THINK HE ESTIMATES PROBABLY THREE DAYS, MAYBE, MAYBE LESS, FOR
 9   HIS CASE.  HE IS BEING CONSERVATIVE, I THINK.  BUT MY CONCERN
10   IS THAT IT WOULD DRAG OVER INTO THE NEXT WEEK, AND IT IS GOING
11   TO BE PROBLEMATIC FOR ME.
12           IF I COULD CHANGE THE VACATION TIME I WOULD, BUT
13   UNFORTUNATELY -- AS I WAS TELLING MR. JOHNSTON, I THINK I
14   WOULD FIND MY BODY IN A RIVER SOMEWHERE IF I CANCELED THAT
15   TIME.
16           THE COURT:  WOULD STARTING ON MARCH 16 WORK, JUST
17   PUSHING THE TRIAL A WEEK?
18           MR. HARRIGAN:  THAT CAUSES A CONFLICT WITH SOME
19   WITNESSES, SO I CAN'T DO IT ON MARCH 16TH, YOUR HONOR.
20           I PREVIOUSLY CONTACTED ALL WITNESSES FOR THE MARCH
21   9TH AND IT WAS GOOD, I THINK, TO PUT THEM ON.  AND I HAVE
22   SPOKEN WITH THEM ABOUT THEIR AVAILABILITY IN THE FUTURE, BUT
23   NOT -- AT LEAST THROUGH MAY WHAT THEIR AVAILABILITY WOULD BE.
24   BUT MARCH 16TH WOULDN'T WORK FOR THE GOVERNMENT BECAUSE OF THE
25   UNAVAILABILITY OF MY CASE AGENT FOR SOME OF THOSE DAYS.
```

```
 1              THE COURT:  WHAT DATES WOULD YOU PROPOSE?
 2              MR. HARRIGAN:  WELL, THE DATE I PROPOSED WAS MAY
 3    18TH, BUT I UNDERSTAND MR. JOHNSTON HAS PLANNED SCHEDULED
 4    LEAVE FOR THE 20TH.
 5              I COULD DO IT IN APRIL AND I THINK -- BUT I
 6    UNDERSTAND THE COURT'S CALENDAR IS NOT GOOD.  APRIL 20TH WOULD
 7    BE A GOOD DATE FOR THE GOVERNMENT, I BELIEVE, OR DEFENSE
 8    COUNSEL, BUT I THINK THAT CONFLICTS WITH YOUR HONOR'S
 9    SCHEDULE.  I DON'T KNOW IF WE CAN BE SQUEEZED IN OR THINGS ARE
10    GOING TO CHANGE FOR YOUR HONOR DURING THAT TIME PERIOD.  WE
11    CERTAINLY WANT TO TRY THIS CASE BEFORE THE SUMMER.  I KNOW
12    YOUR HONOR WANTS TO, TOO.
13              THE COURT:  WOULD EARLIER IN APRIL WORK, APRIL 6TH
14    OR 13TH?
15              MR. JOHNSTON:  BOTH THOSE DATES WOULD BE GREAT FOR
16    THE DEFENSE, YOUR HONOR.
17              MR. HARRIGAN:  I THINK THE 13TH WOULD WORK, YOUR
18    HONOR.
19              (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND
20              DEPUTY CLERK)
21              MR. JOHNSTON:  AND, YOUR HONOR, I AM SORRY TO
22    INTERRUPT.  JUST FOR MR. GHAHREMAN'S SAKE, HE IS ANXIOUS TO
23    GET CLOSURE AND RESOLUTION IN THIS CASE.
24              I ADVISED HIM THAT I WASN'T GOING TO LET ANYTHING IN
25    MY SCHEDULE GET IN THE WAY OF THE NEXT AVAILABLE DATE.  AND IF
```

FEBRUARY 12, 2015

```
 1   I HAD TO, I WOULD TRY TO CHANGE THINGS IN MAY IF THAT WAS THE
 2   NEXT AVAILABLE DAY.  BUT IF WE HAVE DATES IN APRIL OR LATE
 3   MARCH THAT WORK AND WE CAN WORK THAT OUT, I WOULD GREATLY
 4   APPRECIATE IT ON HIS BEHALF.
 5           THE COURT:  APRIL 6, WAS THAT A DATE THAT --
 6           MR. HARRIGAN:  YOUR HONOR, AGAIN, I GET BACK ON THE
 7   6TH.
 8           THE COURT:  YOU ARE OUT AT THE END OF MARCH?
 9           MR. HARRIGAN:  I AM OUT FROM MARCH 31ST THROUGH
10   APRIL 6TH.
11           THE COURT:  OKAY.  AND THE 13TH, I HAVE THREE TRIALS
12   SET, AND ONE IS LOCKED IN AND READY TO GO.
13           MR. HARRIGAN:  MAY 18TH I KNOW IS AVAILABLE FOR THE
14   GOVERNMENT, IF THAT WORKS, IN MAY.  I KNOW THAT CONFLICTS WITH
15   MR. JOHNSTON'S VACATION PLANS, BUT WE WOULD BE WILLING TO GO
16   THERE.
17           MR. JOHNSTON:  THAT IS CERTAINLY MY LEAST FAVORITE
18   DATE, YOUR HONOR.  IF MR. HARRIGAN WILL BE HERE APRIL 6TH, I
19   WOULD BE HAPPY TO START A DAY LATER OR ANYTHING.  BUT THAT IS
20   QUITE DIFFERENT THAN ME HAVING TO RESCHEDULE AND HAVE MY
21   CLIENT WAIT AN EXTRA SIX TO SEVEN WEEKS FOR TRIAL.
22           THE COURT:  WHAT ABOUT MAY 11?
23           MR. HARRIGAN:  MAY 11TH, THAT IS PERFECT FOR THE
24   GOVERNMENT, YOUR HONOR, BUT MR. COUGHLIN IS OUT OF TOWN.
25           THE COURT:  WELL, I FEEL REALLY BADLY ABOUT WE ARE
```

FEBRUARY 12, 2015

```
 1  ADJUSTING THE TRIAL DATE BECAUSE OF MY SCHEDULE, BUT I HAVE
 2  TWO CONFERENCES THAT I WASN'T AWARE OF UNTIL AFTER WE SET THE
 3  TRIAL DATE INITIALLY.
 4           TELL ME AGAIN, WHAT WAS THE DIFFICULTY WITH
 5  MARCH 16?  WHAT WAS THE ISSUE THERE?
 6           **MR. HARRIGAN:**  IT IS WITH MY CASE AGENT, YOUR HONOR.
 7           **THE COURT:**  OKAY.
 8           **MR. HARRIGAN:**  UPON LEARNING OF THE CHANGE IN THE
 9  TRIAL DATE HE HAD THEN SCHEDULED -- HE SCHEDULED TRAVEL FOR
10  HIMSELF.
11           **THE COURT:**  OKAY.
12           **MR. HARRIGAN:**  WHAT ABOUT JUNE, YOUR HONOR?
13           **THE COURT:**  WELL, LET ME INQUIRE.
14           (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND
15           DEPUTY CLERK)
16           **THE COURT:**  APRIL 13, WAS THAT A DATE?
17           **MR. HARRIGAN:**  YES, YOUR HONOR.
18           **THE COURT:**  SEEMED TO WORK FOR EVERYONE, RIGHT?
19           **MR. JOHNSTON:**  YES, YOUR HONOR.
20           **MR. HARRIGAN:**  I HAVE ONE WITNESS WHO IS GOING TO BE
21  GONE THE 15TH THROUGH THE 17TH, BUT I CAN HAVE HIM ON EARLY TO
22  TESTIFY.
23           **THE COURT:**  OKAY.  I THINK I AM INCLINED TO SET
24  APRIL 13.  THEN WE MAY JUST END UP HAVING TO ADJUST ESPINOZA
25  SLIGHTLY.
```

FEBRUARY 12, 2015

```
 1              I THINK WHAT'S IN THE BEST INTEREST OF ALL, I HAVE,
 2   AS I MENTIONED, ANOTHER TRIAL ON APRIL 13 THAT IS GOING TO GO,
 3   BUT I AM GOING TO GIVE PRIORITY TO THIS CASE.  AND WE WILL
 4   DOUBLE SET IT, AND IF THE OTHER CASE DOES NOT RESOLVE I WILL
 5   ADJUST THAT CASE, NOT THIS ONE.
 6            MR. HARRIGAN:  THANK YOU, YOUR HONOR.
 7            THE COURT:  SO LET'S SET THIS FOR APRIL 13, 9:00,
 8   FOR JURY TRIAL.  AND ALL OTHER DATES WE CAN KEEP AS SET,
 9   RIGHT?
10            MR. JOHNSTON:  WELL, YOUR HONOR, SO FAR WE HAVE IN
11   LIMINES SET FOR, I BELIEVE --
12            THE COURT:  FEBRUARY 27.
13            MR. JOHNSTON:  FEBRUARY 27.
14            THE COURT:  DO YOU WANT TO ADJUST THOSE?
15            MR. JOHNSTON:  I WOULD PROBABLY APPRECIATE ADJUSTING
16   THEM A LITTLE CLOSER TO TRIAL.  CERTAINLY TWO WEEKS OR SO
17   BEFORE TRIAL WOULD BE IDEAL, IF THAT WORKS FOR THE GOVERNMENT.
18            MR. HARRIGAN:  YOUR HONOR, IT WOULD BE OUR
19   PREFERENCE -- WE FILED NUMEROUS MOTIONS.  I THINK IT WOULD BE
20   HELPFUL TO THE GOVERNMENT IN TERMS OF PREPARING ITS CASE AND
21   KNOWING WHAT IT IS GOING TO BE ABLE TO PUT ON.
22            THERE ARE EXTENSIVE MOTIONS IN LIMINE.  I KNOW MR.
23   JOHNSTON MAY DECIDE HE NEEDS TO FILE SOME ADDITIONAL MOTIONS
24   IN LIMINE, BUT AT LEAST THE MOTIONS THAT ARE PENDING, IF IT IS
25   CONVENIENT WITH THE COURT I WOULD LIKE TO KEEP THE 27TH DATE,
```

FEBRUARY 12, 2015

```
 1  IF POSSIBLE.  BUT, AGAIN, WHATEVER WORKS WITH THE COURT'S
 2  SCHEDULE.
 3           THE COURT:  IS THERE --
 4           MR. HARRIGAN:  I WOULD LIKE TO SET IT FAR ENOUGH,
 5  YOUR HONOR, BEFORE SO AT LEAST I CAN GIVE SOME IDEA TO THE
 6  WITNESSES WHAT EVIDENCE WE WILL BE PUTTING ON, AS WELL AS MR.
 7  JOHNSTON.
 8           MR. JOHNSTON:  YEAH, AND FOUR WEEKS BEFORE TRIAL,
 9  ANYTHING, YOUR HONOR.  I DO HAVE CONCERNS THAT I MAY WANT TO
10  FILE MORE IN LIMINE MOTIONS.  MR. HARRIGAN AND I HAVE HAD SOME
11  DISCUSSIONS ABOUT ADDITIONAL EVIDENCE CONCERNING COOPERATING
12  WITNESSES, OTHER THINGS THAT MAY GIVE ME REASON TO WANT TO
13  FILE THESE MOTIONS.
14           THE COURT:  WHAT ABOUT MARCH 20TH?
15           MR. HARRIGAN:  THAT WOULD WORK FOR THE GOVERNMENT,
16  YOUR HONOR.
17           MR. JOHNSTON:  THAT WORKS FOR ME, TOO, YOUR HONOR.
18           THE COURT:  IS THAT A GOOD DATE?
19           THE CLERK:  IT IS.
20           THE COURT:  LET'S SET THOSE MARCH 20TH.
21           CAN WE SET -- THE OTHERS WERE SET AT 11:00.  ARE
22  THESE GOING TO TAKE SOME TIME?  I HAVEN'T LOOKED AT THE
23  MOTIONS YET.
24           MR. JOHNSTON:  YOUR HONOR, THERE WERE NUMEROUS
25  MOTIONS INCLUDING THE MOTION TO RECONSIDER THE STATEMENTS
```

FEBRUARY 12, 2015

```
 1   ISSUE IN LIGHT OF INTERVENING NINTH CIRCUIT LAW.  I IMAGINE IT
 2   MIGHT TAKE A LITTLE BIT MORE THAN THE TYPICAL.
 3            THE COURT:  LET'S KEEP IT FOR MARCH 20TH AT 11:30.
 4   AND IF NECESSARY, WE WILL GO A LITTLE INTO THE LUNCH HOUR.
 5            AND THEN TRIAL DATE APRIL 13 AT 9:00.
 6            ARE THERE ANY OTHER MATTERS WITH RESPECT TO
 7   SCHEDULING?
 8            MR. HARRIGAN:  NO, YOUR HONOR.
 9            THE ONLY REQUEST WE MIGHT MAKE ORALLY, I THINK, IF
10   THE COURT WOULD GRANT IT THAT WE -- IN TERMS OF THE COOPERATOR
11   WE WOULD LIKE TO PRODUCE PORTIONS OF THE PRESENTENCE REPORT TO
12   MR. JOHNSTON.  IF THE COURT CAN GRANT THAT, THEN WE WILL DO
13   THAT.
14            IT WOULD INCLUDE, I BELIEVE -- AND THE PLEA
15   AGREEMENT AS WELL -- THE OFFENSE CONDUCT AND OTHER MATTERS
16   THAT PERTAIN TO HIS -- MAY BE IMPEACHMENT MATERIAL FOR MR.
17   JOHNSTON.
18            THE COURT:  YOU ARE PROPOSING THAT --
19            MR. HARRIGAN:  WE CAN PREPARE AN ORDER FOR THE
20   COURT.
21            THE COURT:  ALL RIGHT.  AND IF THERE ARE ANY ISSUES
22   ON THAT WE CAN ADDRESS THAT AT THE IN LIMINE HEARING.
23            THERE WAS ONE OTHER MATTER.  I WOULD LIKE TO MEET AT
24   SIDEBAR AT THIS TIME WITH MR. HARRIGAN ONLY WITH RESPECT TO A
25   SUBMISSION YOU MADE TO THE COURT.  AND I HAVE SOME QUESTIONS,
```

```
 1  AND THEN I WILL PERFECT THE RECORD AND ADVISE DEFENSE COUNSEL
 2  WHAT'S GOING ON IN THIS REGARD.
 3          (WHEREUPON THE FOLLOWING PROCEEDINGS WERE HELD AT
 4           THE BENCH; REPORTED BUT NOT TRANSCRIBED HEREIN.  THE
 5           PROCEEDINGS CONTINUED AS FOLLOWS)
 6          **THE COURT:**  WE ARE BACK ON THE RECORD IN OPEN COURT.
 7          MR. HARRIGAN HAD SUBMITTED AN EX PARTE SUBMISSION
 8  WITH RESPECT TO THE COURT'S VIEW AS TO WHETHER CERTAIN MATTERS
 9  WERE DISCOVERABLE UNDER BRADY AND RELEVANT CASES.
10          THERE IS ONE INCIDENT THAT I BELIEVE IS DISCOVERABLE
11  AND OUGHT TO BE PRODUCED TO DEFENSE COUNSEL, AND SO MR.
12  HARRIGAN HAD SUBMITTED A COUPLE OF PROPOSED ORDERS.  ONE WAS
13  FOR THE COURT TO ORDER THE MATTERS NOT DISCLOSED, THE OTHER
14  WAS TO ORDER IT DISCLOSED SUBJECT TO A PRODUCTIVE ORDER,
15  ESSENTIALLY, FOR DEFENSE COUNSEL.  AND THAT PROPOSED ORDER
16  SEEMED TO ADDRESS ADMISSIBILITY AT TRIAL AS WELL.
17          SO RATHER THAN SIGN ANY OF THE ORDERS I THINK I
18  WOULD LIKE TO JUST PROCEED ON THE RECORD, AND PROVIDE THAT IT
19  IS MY VIEW THAT ONE INCIDENT RELATING TO A MATTER REFERENCED
20  IN APPENDIX 1, FROM PAGES 4 ON, RELATING TO A VEHICLE PURSUIT
21  INCIDENT WOULD BE DISCLOSED.
22          **MR. HARRIGAN:**  I THINK AS WELL AS APPENDIX 2, YOUR
23  HONOR, WHICH DEALS WITH THAT SAME INCIDENT.
24          **THE COURT:**  YES.  AND IT WOULD BE DISCLOSED AT THIS
25  JUNCTURE FOR DEFENSE COUNSEL, THEIR AGENTS AND EMPLOYEES, FOR
```

FEBRUARY 12, 2015

```
 1   THEIR USE ONLY; OTHERWISE, IT WILL NOT BE SUBJECT TO PUBLIC
 2   DISCLOSURE.
 3           THIS WILL THEN ALLOW THE OPPORTUNITY FOR DEFENSE
 4   COUNSEL TO BRIEF THE ISSUE, AND AT THE MOTION IN LIMINE
 5   HEARING WE CAN DETERMINE WHETHER OR NOT THIS INCIDENT IS
 6   ADMISSIBLE AT THE TIME OF TRIAL.
 7           THERE IS ONE OTHER INCIDENT THAT'S REFERENCED IN THE
 8   SUBMISSION BY MR. HARRIGAN, AND I WOULD FIND THAT THAT IS NOT
 9   SUBJECT TO DISCLOSURE UNDER BRADY OR GIGLIO OR ANY OTHER CASE
10   LAW OR STATUTORY AUTHORITY.  AND THAT THAT WILL REMAIN FILED
11   UNDER SEAL.
12           ARE THERE ANY OTHER -- FOR PURPOSES OF THE RECORD OR
13   ISSUING ANY MINUTE ORDER, MR. HARRIGAN, DO YOU HAVE ANY
14   OTHER --
15           **MR. HARRIGAN:**  NO, YOUR HONOR.  THERE IS A
16   PROTECTIVE ORDER ALREADY.  I KNOW WE TALKED ABOUT THE SEALING,
17   OBVIOUSLY.  I TAKE IT THAT UNTIL A DECISION IS MADE MR.
18   JOHNSTON FILE THE SUBMISSION UNDER SEAL REGARDING THAT
19   INCIDENT.
20           **THE COURT:**  ALL RIGHT.
21           **MR. HARRIGAN:**  THAT'S THE ONLY REQUEST.
22           THERE IS AN OUTSTANDING PROTECTIVE ORDER WHICH MR.
23   JOHNSTON AND I HAVE MODIFIED SOMEWHAT, BECAUSE OF HIS CLIENT'S
24   PRESENCE IN BROOKLYN BEFORE.  IT WAS REQUIRED THAT HIS CLIENT
25   WILL REVIEW THAT IN HIS PRESENCE.  GIVEN THE PROBLEMS OF HIM
```

FEBRUARY 12, 2015

```
 1  PREPARING FOR TRIAL I AGREED THAT HE COULD SHARE DOCUMENTS
 2  WITH HIS CLIENT, AND ELECTRONIC, WITH THE UNDERSTANDING UNLESS
 3  FOR PURPOSES OF TRIAL HIS CLIENT IS NOT TO DISCLOSE THAT TO
 4  ANY OTHER INDIVIDUALS.
 5       I WOULD JUST ASK IN TERMS OF THIS HE NOT PROVIDE
 6  COPIES TO HIS CLIENT.  IF HIS CLIENT NEEDS VIEW IT THEY CAN
 7  VIEW IT IN PERSON OR EVEN DISCUSS IT WITH HIM OVER THE PHONE.
 8  IF THERE IS NO OBJECTION BY DEFENSE COUNSEL.
 9       **MR. JOHNSTON:**  I DON'T SEE ANY OBJECTION, YOUR
10  HONOR, AT THIS POINT.  IF THERE IS ANY CONCERN I WILL RAISE IT
11  WITH THE COURT.
12       **THE COURT:**  VERY GOOD.  ARE THERE ANY OTHER MATTERS?
13       **MR. HARRIGAN:**  NO, YOUR HONOR.  THANK YOU.
14       **MR. JOHNSTON:**  THANK YOU, YOUR HONOR.
15
16                          *  *  *
17       I CERTIFY THAT THE FOREGOING IS A CORRECT
         TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
18       IN THE ABOVE-ENTITLED MATTER.
19       S/LEEANN PENCE                          6/17/2015
20       LEEANN PENCE, OFFICIAL COURT REPORTER    DATE
21
22
23
24
25
```

FEBRUARY 12, 2015